My name is David Harlow. I represent the petitioner in this matter, Cesar Munoz-Ruvalcaba. Your Honors, I'd like to reserve three minutes for rebuttal, if I may. Sure. The core issue in this petition for review is whether the Board of Immigration Appeals correctly concluded that my client's 2011 Arizona conviction for solicitation to take the identity of another constitutes a crime of moral turpitude. Also, I'm going to interrupt you again because time is limited, although you have a little more time. But one of the problems I have with this case is the fact that the Board, the government, and petitioner all based their analysis and argument on a version of 13-2008 that was not in effect at the time Mr. Munoz-Ruvalcaba,  is there any way to avoid remanding this case to the Board to apply the correct statute? If the statute was not in effect at the time that my client committed the crime, then I see no reason not to remand the case back to the Board of Immigration Appeals. Thank you. I have a different question. My reading of the record suggests that you did not bring up the concept that this was not a CIMT before the BIA. Is that correct? No, that's not correct, Your Honor. Okay. The record plainly reveals that my client brought up the fact that or brought up the argument that this is a crime. And if you're speaking of Arizona Revised Statute 13-2008, my client certainly raised it before the Board of Immigration Appeals. Okay. I was thinking 13-1002A for solicitation, whether that is a crime involving moral turpitude under 1182A2AI1 in the federal statutes. Yes, that's correct, Your Honor. My client, as a pro se, did not raise that issue before the Board of Immigration Appeals. However, the government argued for nine pages in the immigration court on that issue, and the Board of Immigration Appeals directly addressed it in its decision. So, therefore, any failure on the part of my client to exhaust remedies has been remedied by the government and the Board of Immigration Appeals themselves. So your view is that, number one, your client was pro se at that time. We need to give a lot of leniency there. The government did argue it. So we do have jurisdiction from your perspective, even though it was not raised by your client. Absolutely, Your Honor. The Board of Immigration Appeals itself addressed it within the first few paragraphs of its decision and quoted from this court in Berrigan-Lopez. I see no reason why this court should be precluded from addressing that argument. My impression is the government agrees that remand is necessary. Is that right? Well, in our interpretation, the government agrees that remand is necessary to the Board of Immigration Appeals. We would ask that the court remand to the immigration court to allow my client to seek cancellation of removal. Well, doesn't it go back to the board first, and they decide what to do? My understanding is that the board's decision is reversed, and this court has the power to remand to the immigration court to allow for cancellation of removal relief. I don't think I've seen that before. Do you know of any cases where we send it right back to the I.J., bypassing the BIA? Again, Your Honor, whether it goes to the immigration court or the Board of Immigration Appeals, our position is that it should be remanded to allow my client to seek cancellation of removal relief. I'm not aware of any authority that would allow it to be sent directly back to the immigration appeals court. Okay. If you think it ought to be remanded and they think it ought to be remanded, what else do you think we need to know? We think that this court has the opportunity and should resolve the issue of whether or not Beltran-Torado controls this case. We believe that Beltran-Torado is a distinction based on the underlying conduct of what is and what is not moral turpitude, and not just confined to any one particular statute. This court made it very clear in Beltran-Torado itself that that case was not confined to the particular facts of the case. In what way? Well, the Petitioner himself wasn't even eligible for the exemption from prosecution or the particular registry statute that was at issue in the case, but the court made an express finding that what matters in the analysis is the underlying conduct, not what particular statute prescribes it. What pin site can you give me for that concept? I would refer to my briefs, Your Honor, but it's within the text of Beltran-Torado itself. Well, it would have to be if they were citing it, but I'm asking you to tell me exactly in the case where they went off on a general concept that this case should apply across the board with respect to the statute. Yes, Your Honor. The court discussed the concepts of malum in prohibita versus mala in se. Right. And expressly discussed the distinction between the two. Right. And I get that, but didn't the court focus on the fact that it occurred within the context that has been described in the previous case? Your Honor, if you look at the moral turpitude analysis, and that was the analysis that was employed in Beltran-Torado, the issue is not whether or not a particular statute prescribes the conduct at issue. Whether it's a Federal statute, which was the case in Beltran-Torado, or here an Arizona statute, which both prescribes the same underlying conduct. The analysis has to focus on whether that particular underlying conduct is right or wrong. That's the distinction. So you're saying that if you have a discussion of malum per se and malum prohibitum in something involving an entirely different crime, that you can apply that to any other crime that would, where the malum per se and malum prohibitum might be possibly part of the analysis? Where the underlying conduct is the same, yes, Your Honor. Whether you murder somebody under Arizona state law or you murder somebody under Federal law, you've got to look at the underlying conduct that's being prescribed, not the particular source of the statute that makes it illegal. That's the very heart of the essence of a crime of moral turpitude. It's not prescribed by statute. It's prescribed by what we inherently think of as right and wrong. And that's why Beltran-Torado applies to this case. It's because that case can't, by its very definition, in employing a moral turpitude analysis be confined to a particular statute, because that analysis is dependent on whether or not the underlying conduct is right or wrong. So we see absolutely no reason to confine it to its facts. The other, the cases from the other circuits which have done so have all involved particular statutes that necessarily require an intent to defraud or some sort of deceitful conduct. This statute in Arizona is even more forgiving than that to the Petitioner. That's because it requires no element of fraud, either expressly or inherently. And let me just discuss why it is that this statute doesn't require fraud inherently. It's because this statute was part of a 2008 amendment to Arizona's employer sanctions law. This statute was not intended to add a new element to the identity theft statute for any particular purpose. It was added to the statute for the purposes of curtailing the employment of illegal aliens in the State of Arizona. And there were two portions of the amendments. Number one, the intent to use the Social Security number or identifying information of another for the purposes of hiring illegal aliens. Now, this is fundamental to the analysis about whether or not this statute involves an inherent fraud. Because with the addition of this section that prohibits employers from hiring illegal aliens knowingly, you're necessarily removing the misrepresentation element which is necessary for any fraud. Forgive me, counsel. I know you're making a larger point, but where is the section dealing with the employers that you're referring to? 13-2008B. B, okay. And you're saying that in our analysis in determining whether this is CIMT, actually, you're kind of against each other because you're telling us you wanted to go back to the BIA or the IJ in your case. But what you're saying is when they get there, they have to take that into consideration in terms of determining whether this is CIMT, right? Absolutely, Your Honor. You have to understand that you have to look at whether or not the statute inherently involves a fraud. In order to do that, you have to look at the whole statute. You have to understand that this statute was not, in this case, in my client's case, there's no indication that he misrepresented to his employer a false or fictitious Social Security number. All there is is a plea agreement in which he pleaded to solicitation to take the identity of another. And in that vein, there's absolutely no requirement categorically that an employee necessarily misrepresent anything to his employer. It may well be that that employer created that Social Security number himself and put it in the personnel file. If we do what you ask, which is to send it back, in your case, to the IJ, in the case of the government, to send it back to the BIA, we don't even get into this, do we? I mean, that would be a dicta at best because you're asking us to send it back to the body that should determine this in the first instance, right? Well, not necessarily, Your Honor. I think this Court can and should make a ruling on the issue of law about whether or not Beltran-Torado controls this case, and whether or not this crime involves a crime of mal-temperature. But the BIA's analysis was of the wrong statute. So how can we look at the right statute and make an analysis of it when that wasn't even the basis of the determination by the BIA? Yes, Your Honor. Let me be very clear about my interpretation of what the BIA did, because the decision itself is a little bit confusing, I think. If you look at the BIA's decision, it starts off addressing the correct errors on the statute. And it addresses and quotes directly from the elements of that statute. The analysis very plainly focuses on ARS 13-2008. Now, as I think Judge Nelson alluded to, this crime was committed in 2007. So right off the bat, they're using the 2008 version. That's correct, Your Honor. And if that statute was not in effect at the time my client committed the crime, I see no reason not to send it back to the BIA. Well, that's Judge Smith's point. They get the first crack at it looking at the right statute. That's correct. My thought, Judge, was that you were referring to the fact that in employing the modified categorical approach, the BIA also quoted from a portion of my client's indictment that had been dismissed. Actually, I wasn't. I think all of us are saying the same thing, which is you have said, and I suspect the government will confirm, that everyone agrees that the statute that was analyzed by the BIA is the wrong statute. Because the 2008 statute was passed after this particular indictment or conviction occurred. So we're really dealing with a what-if situation. We don't have anything before us that would enable us to make a determination on a statute that wasn't considered properly by the BIA. Do you agree with that? I agree with that, Your Honor. Okay, so under that circumstance, isn't our decision a fairly simple one? Assuming that the government agrees, we simply remand this to the BIA. I agree with my colleague. I don't have any authority for us to send it back to the IJ. Now, the BIA may want to send it back to the IJ. But the bottom line is you need to start with the correct statute, and then they should make a determination whether this is a CIMT, presumably applying the analysis from Decomp, and find out where it goes with that. Isn't that what we should be doing? I see no reason to disagree with that, Your Honor. I think that if the 2008 statute was improperly applied to my client's 2007 conviction. So I commend you for your arguments, and it's well stated. You're a very effective lawyer. But you would have to agree, don't you, that as able as you are in articulating that, you really need to articulate it to the BIA, because we really can't help you with that. I haven't yet heard the government's position on the matter, Your Honor, so I'd like to reserve conceding anything at this point with respect to that issue. But I will say that if it's a matter of remanding this matter back to the BIA for purposes of considering the pre-2008 statute, I would agree with you that my client or that the BIA should resolve that issue. And in that situation, correct me if I'm wrong, neither the employee nor the employer portion of 2008 to which you make reference existed. That's correct, Your Honor. However, I understand that the Court has questions on this, and neither party has had the opportunity to brief it. It wasn't argued by the government, and we certainly didn't make this argument. My only question arises about whether or not that 2007 statute actually was the statute that this Court should that the BIA should have considered, because I understand that he entered a plea agreement sometime after that statute was into effect. There's no question, is there, though, that what he pled guilty to was the 2007, the statute that was in effect in 2007. He committed the crime on June 28, 2007, right? Correct. And the statute that they were analyzing didn't go into effect until May of 2008. That's correct. Okay. I see you're down to about 45 seconds. You want to reserve that? I will. Thank you. Morning again. May it please the Court, my name is Dawn Conrad, again, and I'm here today on behalf of the United States Attorney General. I believe what we have here is the rare case where we may all be in agreement. I was just going to ask that question. Is there any reason why we shouldn't remand? No, Your Honor. And that's been our position from the beginning in this case, that there are multiple errors in the Board's decision and it needs to go back. Actually, what's your ---- Do you agree with what some of my colleagues have suggested, that there's no authority for us to send it back to the IJ and instead it needs to go to the BIA? Or do you concur with opposing counsel and that we have the authority to send this directly to the IJ? No, I've not seen that before, Your Honor. I've only seen it go back to the Board. And then the Board can send it on to the IJ. And actually, one of the other areas I noticed when I was preparing for this argument of why it might need to go back to the IJ is that there are no Shepard documents in the record that actually say the facts of the conviction. So what we had in the prior case that is missing in this case is the plea colloquy, and it was in the plea colloquy that revealed the underlying facts of the conviction. We don't have that in this record. So it's possible that exists out there and it has not been provided to the agency, but that's another reason that this needs to go back. Also, the whole solicitation argument was not raised before the Board, and his argument before this Court that Livia, Lucia, and Coronado-Durazo are controlling, that was never raised to the Board. So on remand that would give the Board a chance to address that argument. And then I must confess, Your Honor, I did not realize that he – and I don't think he's correct, we didn't brief this – that the 2007 statute applies instead of the 2008, because he was convicted in 2011. But if that is indeed the case, then that's yet another reason. But what matters is when the crime is committed, not when he's convicted. That's correct. So we are in agreement that this needs to go back to the Board. Do you agree that your opposite counsel's argument about the modified categorical analysis and the malum prohibitum and malum per se is nothing about which we need be concerned at this point? No, Your Honor. I think the Board has to have this case first to address the various issues. I think the Board has to have this case first to address the various issues that have been discussed here today before it would not be appropriate for this Court to address that at this point. If there are no further questions, we respectfully ask the Court to remand. Thank you. Mr. Harlow, do you have anything else? Yes, Your Honor. I would like to point out that the solicitation argument I think would be unaffected by whether or not the 2007 or 2008 version of 13-2008 applied. That's because that's the... It wasn't raised below, was it? As I've explained, it wasn't raised below by the petitioner, but it was raised by the government, and it was actually firmly addressed by the BIA in its decision. If you read the BIA's decision, it's one of the first arguments that they made and the first arguments they addressed. So we would argue that this Court has to reconcile the Levea-Licea case and the Coronado case before it can remand. That's an issue of law that's directly before this Court and properly before this Court for its decision. But even if the BIA analyzed the 2008 statute, the fact is, as my colleague has pointed out, the crime occurred in 2007. The 2008 criminal statute could not possibly have applied in this case, right? Well, that's right, Your Honor. But the solicitation, the solicitation crime, which is actually the crime that he pled to, was unchanged between 2007 and 2008. So that issue is directly before this Court and for its decision. The fact that the 2008 statute was altered really doesn't affect the analysis of whether or not Section 1182A2AI1 has been, is a statute for which the crime of solicitation can apply. Thank you, Mr. Harlow. Ms. Conrad, too, thank you. Again, the case just argued is submitted. And, Mr. Harlow, we want to especially thank you for accepting this pro bono case. We do appreciate it. And I might add, you'll have a chance on remand if we decide to make your very good arguments at that time.  Good morning.
judges: Nelson, Silverman, Smith